**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR74** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **DARRYL GENE BOUDREAUX,** | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing Nos. 42, 43).[1] *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 39 and 42. Both objections relate to the calculation of the Defendant's criminal history score.

The Defendant objects to any criminal history points assessed for this offense, arguing that the offense is more than 10 years old. The applicable time period is 15 years. U.S.S.G. § 4A1.2(e)(1). Moreover, even if the applicable time period were 10 years, the offense would still be counted. (*Compare* Count I of Indictment charging offense from on or about January of 2006 *with* date of sentence imposed in ¶ 39). The objection to ¶ 39 is denied.

Defense counsel also argues that the 2 points assessed in ¶ 42 under U.S.S.G. § 4A1.1(d) because he committed the instant offense while on probation for the offense

---

[1] Defense counsel filed the objections required by ¶ 4 of the sentencing schedule rather than submitting them informally to the probation officer. (Filing No. 42.) The Court will discuss the objections in Filing No. 43, as it is assumed that these objections supersede those filed at Filing No. 42.

described in ¶ 39 should not be assessed.  He argues that his prior case was on appeal during the time the instant offense was committed.   However, his prior sentence, stayed during the pendency of his appeal, is considered a sentence for purposes of § 4A1.1(d). *United States v. Evans,* 285 F.3d 664, 675 (8th Cir. 2002).  The objection to ¶ is denied.

The matter regarding the Defendant's placement will be discussed at sentencing.

IT IS ORDERED:

1.	The Defendant's Objections to the Presentence Investigation Report (Filing Nos. 42, 43) are denied;

2.	Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of February, 2009.

BY THE COURT:

s/Laurie Smith Cap
United States District Judge

2